UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————
)
UNITED STATES OF AMERICA,        )          08-CR-788 (JBW)
)
      v.                      )    Statement of Reasons Pursuant to
)        18 U.S.C. § 3553(c)(2)
)
BRAULIO MEDINA GONZALEZ,  )
)
        Defendant.      )
)
———————————————————————

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On December 23, 2008, Braulio Medina Gonzalez pled guilty to a lesser-included offense in count one of a two-count indictment, which charged that on October 12, 2008, he imported heroin into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3).

Medina Gonzalez was sentenced on July 24, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, a two-level "safety valve" reduction to the total offense level was found to apply because all criteria in 18 U.S.C. § 3553(f) and section 5C1.2 of the United States Sentencing Guidelines had been satisfied: 1) Medina Gonzalez does not have more than one criminal history point; 2) he used no violence, threats, or dangerous weapons in connection with the offense; 3) there was no serious bodily harm caused to anyone; 4) he was not an organizer, leader, manager, or supervisor of the criminal enterprise; and 5) he truthfully provided to the government information regarding the offense. The government agreed that the defendant was entitled to the "safety valve" reduction.

The court found the total offense level to be twenty-one and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between thirty-seven and forty-six months. The offense carried a maximum term of imprisonment of twenty years. See 21 U.S.C. § 960(b)(3). The guidelines range of fine was from $7,500 and $75,000.

The court expressed its view that Medina Gonzalez would be sentenced to thirty-seven months imprisonment and three years supervised release. This was based on defense counsel's failure to request a below-guidelines term of incarceration pursuant to 18 U.S.C. § 3553(a), despite a clear basis for such a sentence. Upon immediate reconsideration by the court, given the circumstances of the crime and of this individual defendant, any sentence above thirty months imprisonment would be excessive. A sentence of thirty months imprisonment is therefore imposed. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. The open charges in the indictment were dismissed upon motion by the government.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious but appears to have been an aberrational crime that was committed at the behest of a sophisticated drug importation ring seeking to take advantage of the relative youth and immaturity of this defendant. Medina Gonzalez made immediate and fully candid cooperation efforts as soon as the issue of possible dangers of retribution to himself and his family was resolved. He is young, intelligent, and capable of leading a productive and law-abiding life. His expressions of contrition and strong desire for rehabilitation appear sincere. He has a substantial job opportunity in a family business in his home country of Spain waiting for him upon his release. The strong family support he will have, along with his commitment to provide financial and

3

other support to his young daughter, suggests a greatly reduced likelihood of recidivism. A sentence of thirty months imprisonment reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illicit drug importation will result in a substantial prison sentence. Specific deterrence is of lesser importance in this particular case, given the individual defendant characteristics described above and other relevant circumstances. It is unlikely that he will engage in further criminal activity in light of his family circumstances, acceptance of responsibility, and remorse.

Jack B. Weinstein
Senior United States District Judge

Dated: July 24, 2009
      Brooklyn, New York